(No. C-77176—Decided March 8, 1978.)

Mr. *Simon L. Leis, Jr.*, prosecuting attorney, Mr. *Leonard Kirschner* and Mr. *Terry D. Gaines*, for appellee.

Mr. *Kenneth E. Peller*, for appellant.

*Per Curiam.* The issues in this case arise as a result of the following facts. Defendant-appellant, having waived his right to a trial by jury, was tried to the court on charges of aggravated robbery and theft. As part of its case in chief, the state called one Watson as a witness. Watson had been indicted jointly with defendant as a result of the same alleged offenses and had pled guilty several days prior to defendant's trial. After the questioning of Watson about events concerning the alleged offenses produced only answers of "I don't remember," the prosecutor inquired of Watson if he had made a statement to the police. Watson replied that he had. The prosecutor then proceeded to examine Watson by reading him large parts of the questions and answers from the previously recorded statement in an attempt to refresh his recollection. The witness did not deny making the statements which were read to

him but "could not recall" any of the statements.[1] Counsel for the defendant objected throughout to this method of questioning. His assignment of error states that the trial court erred to the prejudice of defendant-appellant by permitting the prosecution to incorporate portions of Watson's recorded statement to the police into his questions.

The rule in Ohio has long been that set out in the syllabus of *State* v. *Duffy* (1938), 134 Ohio St. 16:

"1. When a witness has voluntarily made a written statement, under oath, as to the existence of a state of facts, the party calling him may, in the absence of an express forewarning from the witness of an intention to repudiate it and notwithstanding knowledge of his hostility, rely upon such statement and expect his testimony to be in accord therewith; and if his testimony is in direct contradiction thereto as to a material fact, such party will be deemed taken by surprise as a matter of law.

"2. When taken by surprise by the adverse testimony of its own witness, an accomplice of the accused, the state may interrogate such witness concerning his prior inconsistent sworn statement, made in or out of the presence of the accused, for the purpose of refreshing the recollection of the witness, but not for the purpose of offering substantive evidence against the accused."

Those principals are applicable to this case. Although the concept of the prosecutor being "surprised" that an accomplice would testify differently than he had done in his statements to the police stretches the imagination, the rule is well established. Its necessity doubtless results from the oft-criticized[2] concept that a party may not impeach his own witness.

---

[1] Watson did not refuse to answer on the ground of self-incrimination, and it is therefore not necessary for us to determine whether or not he could have done so under the circumstances. Had he a right to refuse to answer on that basis, we would reach a different conclusion under the principle enunciated in *Nelson* v. *O'Neil, infra.*

[2] See *Chambers* v. *Mississippi* (1973), 410 U. S. 284, at 296; McCormick on Evidence 75-78, Section 38 (2d ed. 1972).

The law set out above in the syllabus of *Duffy* was first enunciated in *Hurley* v. *State* (1888), 46 Ohio St. 320, and has been consistently followed. *State* v. *Minneker* (1971), 27 Ohio St. 2d 155; *State* v. *Dick* (1971), 27 Ohio St. 2d 162; *State* v. *Beasley* (1974), 68 Ohio Op. 2d 337.

Appellant here argues that before the prosecutor can use a witness' prior inconsistent statement to refresh his recollection, the witness must in fact testify inconsistently. He argues that in his case Watson did not make any statement inconsistent with his statements to the police but tesified only that he could not recall or remember these facts and events.

We would not say that every statement by a witness that he cannot recall an event is inconsistent with a statement in regard to the event made at a previous time. However, where as here, the events occurred only ninety days before and were of a type and under circumstances which an individual would remember quite vividly, we are of the opinion that the trial judge did not abuse his discretion in determining that Watson's assertion of lack of memory was untrue and, in effect, was a repudiation of his prior statements. See *United States* v. *Insana* (C. A. 2, 1970), 423 F. 2d 1165; *People* v. *Green* (1971), 3 Cal. 3d 981, 479 P. 2d 998, *certiorari denied,* 404 U. S. 801; *State* v. *Durham,* (1976), 49 Ohio App. 2d 231.

Appellant next contends that the prosecution's use of the witness' prior statement under the guise of refreshing his recollection amounts to a denial of appellant's right to confront the witnesses against him as guaranteed by the Sixth Amendment. He cites as authority *Bruton* v. *United States* (1968), 391 U. S. 123, and *Douglas* v. *Alabama* (1965), 380 U. S. 415.

*Bruton* held that the confession of a codefendant inculpating the defendant was inadmissible at a joint trial because, despite the court's instructions, it was impossible for a jury to erase the inculpatory statements from its mind in determining the defendant's guilt. It therefore followed, held the court, that since the codefendant who had made the statement inculpating Bruton did not take

the witness stand, Bruton was deprived of his right to cross-examination secured by the confrontation clause of the Sixth Amendment.

In *Douglas* the prosecutor called the defendant's accomplice and codefendant as a witness and then proceeded to read the latter's purported confession which implicated the defendant. The witness repeatedly refused to answer questions on the ground that he would incriminate himself. The court there held that since the codefendant witness had a constitutional right to remain silent, the defendant was deprived of his right to cross-examine in violation of the confrontation clause of the Sixth Amendment.

Both *Bruton* and *Douglas* are still the law. However, they have application only where the defendant is denied his right to fully and effectively cross-examine the witness who made the alleged inculpatory statement.

In *California* v. *Green* (1970), 399 U. S. 149, when the state's principal witness at trial proved evasive and had failures of recollection, the trial court permitted him to be examined as to his testimony at the preliminary hearing, and these excerpts from his preliminary hearing testimony were admitted in evidence for the truth of the matter contained therein.[3] Furthermore, a police officer was permitted to testify regarding the witness' earlier statement to him. The California Supreme Court had held that the use of the witness' prior statements for the truth of the matter asserted therein denied the defendant his right of confrontation.[4] The United States Supreme Court reversed, holding that the confrontation clause is not violated by admitting a declarant's out-of-court statements as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

This same result was reached in *Nelson* v. *O'Neil* (1971), 402 U. S. 622. In that case, a police officer was permitted to testify that one of the defendants had made an

[3]Section 1235 of the California Code specifically permitted the admission of a witness' prior inconsistent statement.
[4]*People* v. *Green* (1969), 70 Cal. 2d 654, 451 P. 2d 422.

unsworn oral statement[5] admitting the crime and implicating the other defendant. The trial court instructed the jury that it could consider this statement only against the declarant, not his codefendant. Runnels, the man who had made the statement, took the stand in his own defense and flatly denied ever having made any such statement. O'Neil's counsel did not cross-examine Runnels although he was fully free to do so. The Supreme Court concluded that the *Bruton* rule was not violated; that the confrontation guaranteed by the Sixth and Fourteenth Amendments is confrontation at trial; and, that so long as a declarant can be cross-examined on the witness stand at trial, his alleged out-of-court statements can constitutionally be put before the trier of fact. As stated by Mr. Justice Stewart:

"The Constitution as construed in *Bruton,* in other words, is violated *only* where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for full and effective cross-examination." *Nelson* v. *O'Neil, supra,* at 627.

Here, Watson was on the witness stand. The defendant was given the opportunity to cross-examine him but did not take advantage of such opportunity. He, therefore, was not denied his right of confrontation under the Sixth Amendment.

For these reasons we find the assignment of error not well taken.

*Judgment affirmed.*

PALMER, P. J., KEEFE and BETTMAN, JJ., concur.

---

[5]Appellant herein has not argued that the prosecution should not have been permitted to use Watson's prior statement in the manner it did because, though recorded, the statement was not made under oath as were the prior statements in *Duffy* and *Hurley, supra.* Accordingly we do not consider this issue.