OPINION
Defendant-appellant, Edgar A. Easterling, appeals his convictions in the Hamilton Municipal Court for driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19, driving with an expired driver's license in violation of R.C.4507.02, and failure to control in violation of R.C. 4511.202. We reverse.
At approximately 10:30 p.m. on March 4, 1996, Butler County Sheriff's Deputy Art Sauerwein responded to an accident call on Augspurger Road in St. Clair Township. When Sauerwein arrived at the accident scene, he saw that a single vehicle had apparently gone off the left side of the road into a residential yard. Sauerwein observed appellant walking around in the vicinity of the vehicle.
Appellant told Sauerwein that someone else had been driving the car and had left the scene. Sauerwein stated that appellant had an odor of alcohol about him, his eyes were bloodshot and glassy, his speech was slurred and that in Sauerwein's opinion appellant was intoxicated.
Deputy Paul Newton also arrived on the scene and conducted the accident investigation. Newton determined that the car was registered to appellant. Appellant also told Newton that he had not been driving, but did not give Newton the driver's name. Newton also noticed the odor of alcohol, slurred speech, and unsteady gait and asked appellant to submit to some field sobriety tests. At that point, appellant indicated that he was experiencing chest pains and was transported to the hospital. Newton's opinion, based on his observations of appellant, was that appellant was under the influence of alcohol.
Newton stated that he believed the keys were in the car, but did not know if they had been recovered or were in the tow truck driver's possession. When Sauerwein was questioned as to the whereabouts of the keys, he responded that the accident investigation and report had been handled by Newton.
Appellant's daughter, Patricia Scott, testified that appellant came by her house earlier that evening to borrow some money. Scott stated that she knew her father was drinking, so she looked out at the car while her father was in the house and saw a person sitting in the driver's seat.
Appellant testified that a friend of his from bingo was driving the car that night, and the friend left after the accident, saying he was going for help. Appellant stated that when he went to the towing company after the accident to get his personal belongings out of the car, the towing company did not have the keys. According to appellant, the car keys have never been recovered.
Appellant was convicted as stated above, and in this appeal raises the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONVICTED HIM OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, HAVING AN EXPIRED LICENSE, AND FAILURE TO CONTROL.
Appellant argues that his convictions were improper because the state failed to prove that appellant was "operating" a motor vehicle within the statutory meaning. A conviction will not be reversed by a reviewing court where there is substantial evidence from which the court could reasonably conclude that all the elements of the offense were proven beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59.
When the prosecution relies on circumstantial evidence, the state is not required to eliminate all reasonable theories of innocence. State v. Jenks (1991), 61 Ohio St.3d 259, 273. However, a conviction must be supported by evidence showing that the accused is in fact guilty of the offense. Id.
R.C. 4511.19 states in pertinent part that:
 (A) No person shall operate any vehicle, * * * within this state, if any of the following apply:
* * *
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
In State v. Cleary (1986), 22 Ohio St.3d 198, 199, the Ohio Supreme Court held that "operating" within the meaning of R.C.4511.19 is a broader term than driving. The focus of the inquiry is on the defendant's control over the potential movement of the vehicle.[1] See State v. McGlone (1991), 59 Ohio St.3d 122,123.
Following this approach, it has been held that a defendant's possession of the ignition key or its presence in close proximity is sufficient to indicate potential movement of the vehicle. State v. Barger (1992), 78 Ohio App.3d 451, 454; State v. Jenkins (1991), 75 Ohio App.3d 63, 70-71.
In this case, although the state demonstrated that the car was registered to appellant and that appellant was present at the accident scene, the state failed to show that appellant possessed the key or had the potential to operate the vehicle. Upon review of the record, we find that there was insufficient evidence that any rational trier of fact could have found the element of operation proven beyond a reasonable doubt. See Eskridge,38 Ohio St.3d at 59. We therefore conclude that appellant's convictions were against the manifest weight of the evidence. See State v. Perkins (May 27, 1994), Ottawa App. No. 93OTO28, unreported (DUI conviction not supported by manifest weight of the evidence where state failed to demonstrate that appellant possessed key to vehicle).
Appellant's assignment of error is sustained. The judgment and sentence of the Hamilton Municipal Court are hereby reversed and appellant is discharged.
YOUNG, P.J., and POWELL, J., concur.
[1] Ohio courts have used the same definition of "operate," applied to a charge of driving under the influence of alcohol, in defining the "operation" elements of operating a motor vehicle without a valid license under R.C. 4507.02 and failure to control under R.C. 4511.202. Columbus v. Robinson (May 21, 1996), Franklin App. No. 95APC10-1364, unreported; State v. Gilbert (Dec. 29, 1989), Clermont App. No. CA89-05-028, unreported.