I must respectfully dissent from the decision reached by the majority in this case.
R.C. 4511.19 states in pertinent part that:
 "(A) No person shall operate any vehicle, * * * within this state, if any of the following apply:
"* * *
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse."
In State v. Cleary (1986), 22 Ohio St.3d 198, 199, the Ohio Supreme Court held that "operating" within the meaning of R.C.4511.19 is a broader term than driving. The focus of the inquiry is on the defendant's control over the potential movement of the vehicle. See State v. McGlone (1991), 59 Ohio St.3d 122, 123. Following this approach, it has been held that a defendant's possession of the ignition key or its presence in close proximity is sufficient to indicate potential movement of the vehicle.State v. Barger (1992), 78 Ohio App.3d 451, 454; State v. Jenkins
(1991), 75 Ohio App.3d 63, 70-71.
Furthermore, in Mentor v. Giordano (1967), 9 Ohio St.2d 140, the Ohio Supreme Court indicated that the primary purpose of statutes and ordinances making it an offense to operate a motor vehicle while under the influence of alcohol is to protect the users of streets and highways from the hazards of vehicles under the management of persons who have consumed alcoholic beverages to such an extent as to appreciably impair their faculties.
In this case, the officers did not observe appellant operating his motor vehicle in any erratic or dangerous manner; they only observed a broken headlight. Additionally, no testimony was offered at trial to indicate that upon arriving at the scene where appellant allegedly abandoned his vehicle, the ignition key was in such vehicle or that such vehicle was running. Appellant was found by the officers out in a field, not near the vehicle, and therefore did not have control over the potential movement of the vehicle.
Furthermore, the officers in this case noted two sets of foot prints in the snow and although they attempted to match appellant's footprints with those leading away from the vehicle, no casting of footprints was ever completed or introduced into evidence, nor were the shoes which appellant wore at the time of the incident in question ever offered as evidence. Therefore, I find the officer's testimony indicating appellant was unquestionably the driver of the vehicle in question to be insufficient.
Upon review of the record, I find that there was insufficient evidence that any rational trier-of-fact could have found the element of operation proven beyond a reasonable doubt. I would therefore conclude that appellant's conviction was against the manifest weight of the evidence. Thus, I would reverse the decision of the trial court.
APPROVED:
 __________________________________ COX, PRESIDING JUDGE