OPINION
This is an appeal from the judgment entry of the Lake County Court of Common Pleas, in which appellant, Miles McLean, was sentenced to serve a four-year term of incarceration.
The facts giving rise to the instant appeal occurred in the early morning hours of September 7, 1997, when Mark Swencki ("Mark") and Paul Swencki ("Paul") were driving home from the Flats in Cleveland, Ohio. Mark was the driver of a Mustang. As they were driving east on State Route 2 toward their home, they encountered appellant's blue pick-up truck. While on State Route 2, the drivers of the two vehicles had some sort of driving conflict. Consequently, appellant followed the Mustang and John Vencius ("Vencius"), a passenger in the pick-up, shined a flashlight at Mark and Paul. Later, Mark pulled into a Burger King fast-food restaurant in Willoughby, Ohio. Unbeknownst to both Mark and Paul, appellant had followed them.
Once Mark had parked his car in the parking lot and was proceeding to eat his food, appellant approached on the passenger's side and struck Paul on the head with a crow bar through the open T-top. Mark then pursued appellant on foot and also was struck with the crow bar. Immediately after the assault, police were dispatched to the scene of the crime, where a report was made indicating the truck involved, as appellant had driven off.
Police discovered appellant's vehicle parked at Vencius' residence later in the morning. They knocked on the door, but there was no answer. They then proceeded to have the truck towed. After discovering that the police had towed his vehicle, appellant and Vencius went to the police station and gave sworn statements concerning the events. Jason Green ("Green"), who also was riding with appellant in the truck during the time of the incident, and Jennifer Sutton ("Sutton"), who was at Vencius' house when they arrived early in that morning and who is involved in a relationship with Vencius, also went to the police station and provided sworn statements.
On December 22, 1997, appellant was indicted by the Lake County Grand Jury on four counts of Felonious Assault, felonies of the second degree, in violation of R.C. 2903.11. On February 13, 1998, appellant pleaded not guilty to the charges contained in the indictment. A jury trial commenced on August 24, 1998. At the conclusion of the trial, the jury found appellant guilty on counts one and two of the indictment. Appellant was sentenced in a judgment entry filed on October 5, 1998, to serve a definite term of incarceration of four years at the Loraine Correctional Institution, with credit for one day served.
Appellant now files the instant appeal, raising the following assigned error:
 "The trial court erred to the prejudice of the defendant-appellant when it declared two State's witnesses to be adverse and hostile and allowed the prosecutor to cross-examine its own witnesses and to read portions of their statements into the record."
 In his assignment of error, appellant first claims that it was prejudicial error for appellee, the State of Ohio, to call its own witness, Sutton, as an adverse witness because appellee failed to make a showing of "surprise" or "affirmative damage." Thus, the prosecutor should not have been allowed to cross-examine her. Moreover, appellant states that Sutton's inability to remember the events of the night was not contradictory to her prior written statements.
The ability of counsel to cross-examine its own witness by the use of leading questions is governed by Evid.R. 611(C), which states:
 "Leading questions should not be used on the direct examination of a witness except as is necessary to develop his testimony. Ordinarily[,] leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."
 An "adverse party" applies to those "who did not call the witness *** and/or, is the party against whom the evidence is offered." State v. Davis (Dec. 10, 1993), Lake App. No. 92-L-089, unreported, at 16-17. A witness may not be declared to be "adverse" for purposes of cross-examination by the party who originally called him or her, unless that party is "surprise[d]" and "affirmative[ly] damage[d]." State v. Keenan (1993), 66 Ohio St.3d 402, 412.
A witness is properly considered "hostile" when that witness "demonstrates hostility during his examination by changing his testimony significantly from that which counsel had good reason to expect." State v. Stearns (1982), 7 Ohio App.3d 11, 14. In Davis,supra, unreported, at 8-9, this Court determined that a witness was hostile because:
 "* * * The witness suffered a complete memory failure on any point which might be damaging to her brother. While she admitted she had a better recollection of events at the time of her prior statements, and that she testified truthfully before the grand jury, she stated on examination by counsel for the defense that she had been threatened by the police, and had been on medication and suffered emotional and mental problems causing her to a hallucinate."
Finally, in State v. Doherty (1978), 56 Ohio App.2d 112, 114, the First District Court of Appeals held:
 "We would not say that every statement by a witness that he cannot recall an event is inconsistent with a statement in regard to the event made at a previous time. However, where as here, the events occurred only ninety days before and were of a type and under circumstances which an individual would remember quite vividly, we are of the opinion that the trial judge did not abuse his discretion in determining that [the] assertion of lack of memory was untrue and, in effect, was a repudiation of his prior statements."
 In the instant matter, upon being called to testify as to the events that occurred in the early morning hours of the day in question, Sutton indicated a complete memory failure as to what had transpired regarding events outlined in her sworn statement to police. Importantly, counsel for appellant failed to object at the trial to the court's determination that Sutton could be treated as an adverse witness. In State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus, the Supreme Court of Ohio held that the failure to object in the trial court to an error which could have been called, but was not called, to the trial court's attention at a time when the error could have been corrected or avoided constitutes a waiver of that error on appeal. Accordingly, appellant has waived the issue on appeal. Thus, appellant is barred from now asserting on appeal that the trial court erred in declaring Sutton to be a hostile/adverse witness. Therefore, under Evid.R. 611(C), the prosecutor was permitted to ask leading questions and appellant's first claim is without merit.
In the second claim, appellant avers that the trial court erred in calling Vencius a hostile witness because the prosecutor did not establish that he had a strong affinity with appellant at the time of trial or that he gave incomplete or evasive answers. Indeed, appellant claims that prior to being declared a hostile witness, Vencius testified that he and appellant were no longer friends.
During the trial, prior to being declared a hostile witness, Vencius testified in response to numerous important questions concerning the incident that he was unable to remember what occurred. After several instances of his alleged failed memory, the prosecutor requested the trial court to declare him a hostile witness, which it did. After being declared a hostile witness, and being confronted with his signed statement, Vencius was able to provide facts of great significance to appellee's case. On the basis of the record before this Court, we conclude that the trial court did not abuse its discretion in declaring him to be a hostile witness because on the facts of this case it is untenable that Vencius would not remember events which occurred in a situation which an individual would remember quite vividly, as stated in Doherty. Therefore, the second claim is not well-taken.
In the final claim which we must address, appellant argues that the sworn statements made to police by Sutton and Vencius should not have been read into the record. Appellant fails to allege which rule of evidence was violated.
In analyzing this assignment of error, we note that the reading of a sworn statement may be made to refresh the author's memory under Evid.R. 612 or as past recollection recorded pursuant to Evid.R. 803(5). We further point out that past recollection recorded was not recognized in Ohio until the supreme court accepted it in State v. Scott (1972), 31 Ohio St.2d 1. In that case, the Ohio Supreme Court stated that past recollection recorded had been accepted in many other states and was considered "an offshoot from the practice of permitting a witness to refresh or revive his memory by examination of his own written memorandum." Id. at 5. However, the court expressly stated that it was a fundamentally different legal concept from present memory refreshed. Id. Currently, Ohio has adopted both rules.
In regard to the use of Sutton's sworn statement, counsel for appellant failed to object at trial to the use of the prior statement. Under Williams, appellant has waived this error on appeal since it should have been raised in the trial court. Thus, we are unable to conclude that the trial court committed error concerning the use of Sutton's sworn statements.
Concerning the reading of Vencius' sworn statements at trial, the record shows that counsel for appellant objected to the use of the sworn statement at trial. The record further reveals that the sworn statement could be read at the trial in the manner performed in this case in order to refresh Vencius' memory, and not for impeachment.
"[W]hether a party may refresh the recollection of his own witness is a matter for the trial court's discretion. *** [T]he trial court may even permit counsel to read aloud portions of the witness's statement in order to refresh recollection when the witness repeatedly claims lack of memory." State v. Pace (Aug. 6, 1998), Franklin App. No. 97APA10-1425, unreported, at 5, 1998 WL 455549, citing Stearns, 7 Ohio App.3d at 16. Evid.R. 612 governs the use of refreshing one's memory, and states:
 "[I]f a witness uses a writing to refresh his memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing. He is also entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. * * *"
 In the case sub judice, Vencius repeatedly responded that he did not remember what happened to numerous questions posed by the prosecutor. Therefore, the prosecutor produced the sworn statement provided to the police by Vencius after the trial court declared him a hostile witness. Vencius affirmed that the statement was his. Next, the prosecutor read a series of sentences from the statement and repeatedly stopped and asked whether the reading was correct. Under the authority of Stearns, Pace, and Evid.R. 612, the prosecutor was permitted to produce such statement and read pertinent provisions aloud in order that Vencius' recollection be refreshed.
Additionally, Vencius' statement could be introduced as evidence on the basis that it constituted past recorded recollection pursuant to Evid.R. 803(5), which states:
 "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect the knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."
 In commenting on the applicability of Evid.R. 803(5), the Ohio Supreme Court stated:
 "A memorandum made by a witness may be admitted in evidence in a criminal case as `past recollection recorded' if the witness had first-hand knowledge of the subject matter of the memorandum, the memorandum was made at or near the time of the event and while the witness had a clear and accurate memory of it, the witness lacks a complete present recollection of the event, and the witness testifies on the stand that the written memorandum is accurate." Scott, 31 Ohio St.2d at paragraph one of the syllabus.
 In the instant matter, Vencius' comments can be admitted as past recollection recorded because he had first-hand knowledge of the events discussed in the statement, his statement was made on September 7, 1997, which was the same date as the incident, and he had a clear and accurate memory of the event at that time. Vencius testified on the stand that he did not currently have a present recollection of the entire event, and he testified that the statement was accurate. Thus, Vencius' statement satisfies the four-prong standard articulated in Scott and, therefore, can be admitted as past recollection recorded. Accordingly, the trial court committed no error and appellant's third claim is meritless.
For the foregoing reasons, appellant's assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
 ____________________________________ PRESIDING JUDGE, DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.