The STATE of Ohio, Appellee,

v.

LOCKHART, Appellant.

[Cite as *State v. Lockhart* (1996), 115 Ohio App.3d 370.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68582.

Decided Oct. 21, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Steve W. Canfil,* Assistant County Prosecuting Attorney, for appellee.

*Charles H. Bragg* and *Nathaniel Lockhart, pro se,* for appellant.

---

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Nathaniel Lockhart appeals from his conviction for aggravated burglary, in violation of R.C. 2911.11, and theft, in violation of R.C. 2913.02. The appellant was sentenced to a term of incarceration of six to twenty-five years for aggravated burglary and was given a concurrent sentence of one year's incarceration for theft.

Darlene Redd returned home from work on December 16, 1993, to find that her home had been broken into for the second time within two weeks. A glass window had been removed and set down outside of the house. After the first burglary, Redd had replaced this same glass window. To do so, she visited the neighborhood hardware store and had them install glass in the empty window pane. The pane was then placed in its slot by a friend. Missing from the home after the second burglary were the victim's microwave oven, the television, and the VCR. Redd testified that the value of these items was over $300.

Cleveland Police Detective Bonnie Rudolph testified that she lifted two clear, fresh thumbprints from the pane of glass found outside of the victim's home. Cleveland Police Detective Edward Prinz of the Scientific Investigation Unit testified that these thumbprints conclusively match the appellant's prints. Cleveland Police Officer Norman Griffin informed the appellant of the charges against him. The officer indicated to the appellant, after reading him his constitutional rights, that his fingerprints were found at the scene of a crime. The appellant responded that he did not commit the crime.

The appellant lived a street over from the victim. His elderly landlord, William Jarmon, suffered from Alzheimer's disease and the appellant assisted in caring for both the home and for Jarmon. Jarmon is currently in a nursing home and was unable to testify. During the fall of 1993, as part of maintenance on the home, the appellant purchased glass at the local hardware store. The glass had to be cut from large sheets in order to fit the windows, and the store permitted him to assist. The appellant testified that he has never been at the victim's home, that he did not commit the burglary, and that he has no idea how his fingerprints came to be at the victim's home. The first he learned that the victim had purchased glass at the same hardware store was during the previous day's trial testimony.

The appellant sets forth one assignment of error:

"The conviction of the appellant, Nathaniel Lockhart, was against the manifest weight of the evidence and was insufficient to sustain his conviction as a matter of law."

The appellant argues that the jury's verdict was against the manifest weight of the evidence because, other than the fingerprints, there is no evidence which links him to this crime. The appellant asserts that he has offered a reasonable theory of how his fingerprints came to be on the victim's pane of glass.

The appellant also argues that since the structure was unoccupied at the time of the burglary, the state failed to prove the aggravating circumstance. In addition, the appellant asserts that the victim's testimony regarding the value of her property was not sufficient evidence to prove the value of the property was in excess of $300.

The Supreme Court has held that the same test is applied by an appellate court when reviewing the weight and the sufficiency of the evidence. The court must examine the evidence admitted at trial to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, at 273, 574 N.E.2d 492, at 503.

The elements of aggravated burglary are contained in R.C. 2911.11:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

The state has the burden of proving every element of the crimes for which a defendant is charged. R.C. 2901.05(A). Thus, the state must prove, beyond a reasonable doubt, that the appellant, by force, stealth, or deception trespassed into the victim's home with the purpose to commit theft. The state bore the additional burden in this case of showing that, at the time of the trespass, there was a person present, or a likelihood that a person would be present, at the burglarized dwelling.

■ The state presented sufficient evidence, through the testimony of Redd, that her home was entered and that her personal property was stolen. The jury heard the evidence from the police officers that the fingerprints found at the scene were those of the appellant, who lived one street away from the victim. The jury heard the appellant testify to his past conviction for receiving stolen property. This evidence, if believed, would convince the average mind that the appellant was guilty of burglary beyond a reasonable doubt.

■ However, in order to prove the appellant guilty of aggravated burglary, the state bore the additional burden of proving the aggravating circumstance as outlined in R.C. 2911.11(A)(3). This court in *State v. Colon* (Dec. 17, 1992), Cuyahoga App. No. 61253, unreported, 1992 WL 389074, cited *State v. Durham* (1976), 49 Ohio App.2d 231, 239–240, 3 O.O.3d 280, 285, 360 N.E.2d 743, 749, where that court held: "[W]here a person individually occupies an apartment and his usual and ordinary work habits take him away from that apartment regularly during certain hours of the day, *at the time* there is minimal likelihood that a person will be present therein." (Emphasis *sic.*)

In *State v. Clark* (Mar. 28, 1996), Franklin App. No. 95APA11–1428, unreported, 1996 WL 145462, the court examined two Supreme Court cases decided after *Durham.* The court noted:

"An examination of other precedent, and in particular more recent decisions of the Supreme Court of Ohio, leads us to believe that the proposition set forth in *Durham, supra,* must be examined in light of other evidence regarding the likelihood of occupation of the structure subjected to a burglary. 'Where the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of aggravated burglary under R.C. 2911.11.' *State v. Kilby* (1977), 50 Ohio St.2d 21 [4 O.O.3d 80], 361 N.E.2d 1336, paragraph one of the syllabus. Similarly, in the case of *State v. Fowler* (1983), 4 Ohio St.3d 16 [4 OBR 14] 445 N.E.2d 1119, the court stated that when evidence was presented that the occupants of the burglarized dwelling were home on the day of the crime, that both husband and wife occasionally worked at different locations, and that they were likely to come home at varying times, a permissive inference could be drawn by the jury regarding the likelihood of the occupants being present in the residence at the time of the burglary." *Id.* at 19.

In the case *sub judice,* the only testimony regarding the victim's work hours was given by the victim, Redd. She testified that the burglary occurred on Thursday, December 16, 1993, and that on that day, she worked from approximately 8:30 a.m. until 5:00 p.m. Redd also testified that she does not work on

Fridays. Redd did not testify that she was in and out of the house on the day in question or that she was likely to return home at varying times. The state, as a matter of law, failed to meet its burden of proving that a person was present or that there was a likelihood of a person being present within the occupied structure.

Finally, the appellant cited no authority to support his contention that the victim's testimony was not sufficient evidence to prove that the value of the stolen property was in excess of $300. The state provided some evidence which, if believed, would convince the average mind of the value of the property. *Jenks, supra.*

The appellant's assignment of error is denied as to the conviction for theft, and, due to the state's failure to present evidence proving the aggravating circumstance, the appellant's conviction for aggravated burglary is modified to burglary, in violation of R.C. 2911.12.

The judgment is affirmed in part and modified in part, and the cause is remanded for resentencing on the conviction for burglary.

*Judgment affirmed in part*
*and modified in part,*
*and cause remanded.*

BLACKMON and TIMOTHY E. McMONAGLE, JJ., concur.