JOURNAL ENTRY and OPINION
Appellant Todd Meisenhelder appeals the decision of the trial court convicting him of aggravated burglary with a repeat violent offender specification and sentencing him accordingly. Meisenhelder assigns the following three errors for our review:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR BY ACCEPTING INTO EVIDENCE A POLICE OFFICER'S OPINION TESTIMONY AS TO THE CREDIBILITY OF THE VICTIM AND HIS ALLEGATIONS.
 II. THE APPELLANT'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS BY FAILING TO OBJECT TO INADMISSIBLE OPINION TESTIMONY REGARDING THE CREDIBILITY OF THE VICTIM.
 III. THE APPELLANT'S CONVICTION OF AGGRAVATED BURGLARY VIOLATED HIS RIGHT TO DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THAT CONCLUSION.
Having reviewed the record and the legal arguments of the parties, we reverse the aggravated burglary, modify the conviction to burglary, and remand for re-sentencing.
At approximately 2:00 p.m., the ADT Security Systems operator notified Michael Kamran at his store at 3770 E. 65th Street that his residency alarm had been triggered. Kamran left his store, armed with a .22 caliber weapon and walked to his home, which is adjacent to his store.
At the house, he noticed the side door opened. He entered and proceeded to the bedroom, where he spotted a man later identified as Meisenhelder lying face-down on the floor beside the bed.
Kamran ordered Meisenhelder to move away, then retrieved a .38 caliber gun from above the bed. Meisenhelder told Kamran that his brother was in the next room. Still balancing the phone and holding two guns, Kamran slowly backed away toward the kitchen to investigate. As he turned his head to see if anyone else was in the home, Meisenhelder pushed past him and ran outside. When pushed, Kamran tripped over a chair, fell out of the door, and landed on the ground outside. He suffered a fractured wrist and injuries to both hands.
When police arrived, Kamran gave them a description of Meisenhelder.On September 21, 1998, one month and two days after the break in, Kamran spotted Meisenhelder in the parking lot of a neighborhood discount store. Meisenhelder was a passenger in a blue car with temporary tags. Kamran tried unsuccessfully to follow the car.
Later that day, Kamran spotted Meisenhelder across the street from his store. Kamran called police, gave a description of Meisenhelder, and told police what he saw. Police arrived and went to the house pointed out by Kamran. When police knocked on the door, a man answered. Because the man did not match the description given by Kamran, officers asked if anyone else lived there. The man said yes, and called out to Meisenhelder who came to the door. Police took Meisenhelder across the street where Kamran identified him as the man who broke into his home.
Meisenhelder was charged with aggravated burglary and felonious assault, each with a repeat violent offender specification alleging that Meisenhelder had previously been convicted of Burglary on July 27, 1980. Before trial, Meisenhelder filed a waiver of jury trial as to specifications and asked the court to hear and try the issues of specifications as alleged. Meisenhelder also waived his right to a jury trial on the charges of aggravated burglary and felonious assault. After a bench trial, Meisenhelder was convicted of aggravated burglary and the accompanying repeat violent offender specification. He was acquitted on the other charges. This appeal followed.
In his first assignment of error, Meisenhelder argues the trial court committed plain error by allowing a police officer to testify about the victim's credibility. Meisenhelder points to several excerpts in the transcript in which Detective Rick Maruniak described Kamran as believable and credible. Meisenhelder concedes that he did not object to the testimony and urges us to review this assignment of error under a plain error analysis.
Meisenhelder's failure to object to the testimony at trial waives the issue except for plain error. In order to demonstrate plain error, Meisenhelder must demonstrate that but for the error, the outcome of the trial clearly would have been otherwise. See State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. See, also, State v. D'Ambrosio (1995), 73 Ohio St.3d 141, 144, 652 N.E.2d 710,714, reconsideration denied (1995), 74 Ohio St.3d 1409, 655 N.E.2d 188; State v. Washington (June 8, 2000), Franklin App. No. 99AP-640, unreported.
Plain errors are those that so affect the substantial rights of a defendant that they should be noticed in order to prevent a manifest miscarriage of justice, not only to protect the defendant, but also to protect the integrity and the reputation of the judicial system. State v. Flowers (May 4, 2000), Franklin App. No. 99AP-530, unreported, citing State v. Berezoski (Dec. 17, 1986), Montgomery App. No. 9568, unreported.
We agree with Meisenhelder that it was improper for the state to present Det. Maruniak's opinion as to Kamran's credibility. Under Evid.R. 608(A), opinion evidence may be used to support the credibility of a witness, but only after the witness' character for truthfulness has been attacked. In this case, the state elicited Det. Maruniak's opinion as to Kamran's credibility where no attack had been made on Kamran's credibility.
However, Meisenhelder's trial proceeded without a jury. Legally, we presume that a judge will consider only properly admitted evidence in making its decision. See State v. Wiles (1991), 59 Ohio St.3d 71, 86,571 N.E.2d 97, 117, certiorari denied (1992), 506 U.S. 832,113 S.Ct. 99, 121 L.Ed.2d 59, citing State v. Post (1987), 32 Ohio St.3d 380, 384,513 N.E.2d 754, 759, certiorari denied (1988), 484 U.S. 1079,108 S.Ct. 1061, 98 L.Ed.2d 1023. See, also, State v. Lane (1995),108 Ohio App.3d 477, 484, 671 N.E.2d 272, 276-277, appeal dismissed (1996), 75 Ohio St.3d 1494, 664 N.E.2d 1291, citing State v. Richey (1992), 64 Ohio St.3d 353, 362, 595 N.E.2d 915, 924, rehearing denied (1992), 65 Ohio St.3d 1421, 598 N.E.2d 1172. But see State v. Hamilton (1991), 77 Ohio App.3d 293, 300, 602 N.E.2d 278, 283. ([T]he fact that a defendant forgoes a jury trial is hardly an excuse to give the state free rein to admit any and all evidence on the presumption that the trial court will separate the wheat from the chaff.)
A presumption that the trial court considered only properly admitted evidence may be overcome only by an affirmative showing to the contrary by the appellant. Wiles, 59 Ohio St.3d at 86, 571 N.E.2d at 117, citing Post, 32 Ohio St.3d at 384, 513 N.E.2d at 759. Meisenhelder has failed to demonstrate that the trial court considered the improper testimony when reaching its decision. He argues that the court's decision to acquit Meisenhelder for felonious assault indicates that it found Kamran's testimony incredible. By this argument, Meisenhelder concedes that the court was able to make its own determinations about Kamran's credibility and was not persuaded to believe everything Kamran said because of Maruniak's assertion that Kamran was very credible. Accordingly, we must presume that the trial court disregarded the improper testimony in reaching its verdict. Consequently, we cannot conclude that the outcome of Meisenhelder's trial would have been different had the challenged testimony not been presented. Meisenhelder's first assignment of error is overruled.
In his second assignment of error, Meisenhelder argues he was denied the effective assistance of counsel by his trial counsel's failure to object to Det. Maruniak's improper opinion testimony about Kamran's credibility. In order to prevail on a claim of ineffective assistance of counsel, Meisenhelder must show that trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by trial counsel's performance. State v. Madrigal (2000),87 Ohio St.3d 378, 397, 721 N.E.2d 52, 70, reconsideration denied (2000), 88 Ohio St.3d 1428, 723 N.E.2d 1115, citing Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, 693; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of the trial would have been different. State v. Lindsey (2000), 87 Ohio St.3d 479, 489, 721 N.E.2d 995, 1007, reconsideration denied (2000), 88 Ohio St.3d 1438, 724 N.E.2d 812. Because, as discussed above, it may be presumed that the trial court ignored the challenged testimony, we cannot say that the outcome of Meisenhelder's trial would probably have been different had counsel objected to Maruniak's statements. Meisenhelder's second assignment of error is overruled.
In his third assignment of error, Meisenhelder challenges the sufficiency of the evidence presented to support his conviction. R.C.2911.11 defines aggravated burglary as follows:
 No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * the offender inflicts, or attempts or threatens to inflict physical harm on another * * * *.
R.C. 2909.01(C) defines occupied structure as follows:
 [A]ny house, building, outbuilding, water-craft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies: (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present; (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present; (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present; (4) At the time, any person is present or likely to be present in it.
Specifically, Meisenhelder argues at best he is guilty of a burglary because the State failed to show that he trespassed in an occupied structure when another is present or likely to be present and because the prosecution failed to prove the element of physical harm. We agree with Meisenhelder that for the State to prove aggravated burglary, it must prove that the offender inflicted, attempted, or threatened to inflict physical harm on another. Here, the State showed that Kamran came from his store, which is adjacent to his home, after receiving a call from his security company that the alarm at his home had been triggered. Upon entering, he confronted Meisenhelder who informed Kamran that Meisenhelder's brother was in another room, which the trial court could have concluded was intended to threaten and intimidate Kamran.
Kamran attempted to see where the other person was and Meisenhelder pushed past him and ran. Kamran fell and fractured his wrist. We conclude that this evidence constituted sufficient evidence of inflicting or threatening physical harm.
In State v. Fontes (2000), 87 Ohio St.3d 527, 721 N.E.2d 1037, the Supreme Court of Ohio rejected the argument that each element of the crime of aggravated burglary must exist at or before the time of the initial trespass. Noting that the crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed, the court held that a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass. Id.,87 Ohio St.3d at 530-531, 721 N.E.2d at 1039-1040. See, also, State v. Powell (1991),59 Ohio St.3d 62, 571 N.E.2d 125, at paragraph one of the syllabus. The court expressly rejected State v. Waszily (1995), 105 Ohio App.3d 510,664 N.E.2d 600, one of the cases relied upon by Meisenhelder to support his argument.
We reject Meisenhelder's argument that the elements of the crime must occur concurrently or simultaneously in order for the crime to exist. In parallel situations, such as robbery, we have held that the continuous act rule applies. In those cases, we concluded that a shoplifter who steals an item from the store, and after the theft, assaults a security guard, is guilty of robbery. See Stat e v. Sumlin (June 15, 2000), Cuyahoga App. No. 76261, unreported; citing State v. Dunning (Mar. 23, 2000), Cuyahoga App. No. 75869, unreported; State v. Brooks (Apr. 27, 1989), Cuyahoga App. No. 55138, unreported.
We have applied the single continuous transaction rule to those facts. Here, we adopt that same view and hold that the force and the trespass need not occur simultaneously to sustain the force element of burglary.
However, we agree with Meisenhelder that the State failed to show the element of aggravation, which requires proof that a person is present or likely to be present at the time of the trespass. The State's sole evidence was that Kamran's home was regularly inhabited.
Long ago, the Supreme Court of Ohio rejected the argument that regular habitation gives rise to a presumption that a person is likely to be present. See State v. Fowler (1983), 4 Ohio St.3d 16, 19, 445 N.E.2d 1119,1121. The Supreme Court of Ohio went on to point out, however, that a person is likely to be present at his or her residence is sufficiently proven when the State shows that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent. See State v. Kilby (1977), 50 Ohio St.2d 21, 361 N.E.2d 1336 at par. 1 of the syllabus; State v. Lockhart(1996), 115 Ohio App.3d 370,685 N.E.2d 564; State v. Key (March 27, 1997), Cuyahoga App. No. 69852, unreported.
Here, the State failed to present any evidence demonstrating the Kilby standard. In fact, the State showed only that Kamran came home to respond to the burglar alarm.
In the majority of cases reviewed by this Court, the State's practice is to elicit testimony from the owner as to his or her habits to show the likeliness to be present element. Here, the State did not follow that pattern. Kamran never testified as to his habits or practices. Kamran testified that he came home on that day because of the phone call he received notifying him of the break-in.
Consequently, in light of this evidence, the State did not establish that Kamran was present or likely to be present at his home at the time of the break-in. [W]here a person individually occupies an apartment and his usual and ordinary work habits take him away from that apartment regularly, during certain hours of the day, at a time there is minimum likelihood that a person will be present therein. Lockhart,115 Ohio App.3d at 373, 685 N.E.2d at 566.
Nevertheless, the State argues the house and the store were adjacent and the court may infer that Kamran was likely to be present. This position is inconsistent with the facts. We know that Kamran's sole reason for being in the house at that time was because of the alarm. The State has the burden of going beyond inhabitation and must show that Kamran was likely to be present at his home at the time of the break-in. Therefore, we conclude that, as a matter of law, the State failed to establish that Kamran was at home or likely to be at home at the time of the break-in. Meisenhelder's third assignment of error in part is well taken.
Consequently, we reverse the aggravated burglary and modify the conviction to that of a burglary and remand to the trial court for Re-sentencing.
This cause is reversed, modified, and remanded for re-sentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 __________________________ PATRICIA ANN BLACKMON JUDGE