OPINION
Todd M. Green appeals the judgment of the Union County Court of Common Pleas finding him guilty of two counts of burglary, one count of theft, one count of safecracking, and one count of vandalism and sentencing him to a total of eleven years and three months incarceration.
On October 26, 1999, an intruder broke into the unoccupied home of Steve and Lisa Robinson. The intruder entered by kicking the back door off of its frame, and left two discernible footprints on the door. The intruder ransacked the house, and took several items from the Robinsons' home, including a jar containing approximately $50 in coins, an enameled box made in Mexico, a ruby/cubic zirconium sterling silver ring, a cubic zirconium bracelet and necklace set, a medflight pin, a watch with a broken band, and a lipstick sample. The intruder also took a safe containing a $3,000 certificate of deposit, some Canadian currency, some silver coins and some silver certificate currency, as well as the Robinsons' insurance papers, wills, marriage license, and the titles to several of their vehicles. Finally, the intruder damaged a jewelry box, a filing cabinet, a bed, and the wall surrounding the back door of the Robinsons' home. Lisa Robinson later testified that the value of the items stolen was approximately $600 and the total cost of repairs necessitated by the break-in was approximately $532.
About one week later, on November 1, 1999, an intruder broke into and ransacked the unoccupied residence of Mark Hoffman by kicking in the front door, leaving a discernible footprint upon it. Upon returning home from work, Mr. Hoffman discovered that the intruder had taken two small bills from a wallet in the house and some petty change from a dresser in his bedroom. At around 4:30 that afternoon, Mr. Hoffman's neighbor Lisa Scriblen had seen an unfamiliar dark-colored BMW parked in Mr. Hoffman's driveway. Because she was aware that there had been break-ins in the area, she approached Mr. Hoffman's house to get the car's license plate number. As she drove towards the house, the car backed out of the driveway and drove past her, and she observed that the car did not have affixed license plates but did have a plate tucked in the back window. Ms. Scriblen was able to clearly see the driver of the vehicle, and later identified the defendant in a photo array and in court as the man who was driving the BMW that day. She also identified defendant's car as the vehicle she had seen that day.
On November 9, 1999, Detective John Rice of the Fairfield County Sheriff's Office was dispatched to the scene of a break-in on the western side of Fairfield County. When he arrived, he observed that the back door had been kicked in, and a shoe print was visible on the door. Detective Rice's investigation into the break-in led him to the defendant Todd Green, who had been seen driving a dark-colored BMW in the area near the time of the break-in. Detective Rice obtained a search warrant for Todd Green's apartment and Mr. Green himself was arrested. Among the items retrieved from Mr. Green's apartment were several of the items that had been stolen from the Robinsons' residence, including the jewelry and the medflight pin. An expert from the Ohio BCI determined that the shoes Mr. Green was wearing at the time of his arrest were consistent with the shoes worn by the perpetrator of the break-ins at all three locations.
On January 5, 2000, Defendant was indicted for two third-degree felony counts of burglary, one fifth-degree felony count of theft, one fourth-degree felony count of safecracking, and one fifth-degree felony count of vandalism. The case proceeded to trial, and on May 23, 2000, a Union County jury convicted the defendant on all five charges. On July 19, 2000, the trial court sentenced the defendant to four years for each burglary conviction, eleven months for theft, seventeen months for safecracking, and eleven months for vandalism, all sentences to be served consecutively. This appeal followed, and defendant now asserts three assignments of error with the trial court's judgment.
 The trial court erred in allowing, over objection, evidence of defendant's involvement in a prior burglary.
Defendant first contends that the trial court erred by allowing the testimony of Detective John Rice regarding the break-in that occurred in Fairfield County. Defendant correctly observes that under Evid.R. 404(B), evidence regarding "other acts" is admissible for only limited purposes:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
However, defendant fails to note that such evidence is onlyimpermissible "to prove the character of a person in order to show that he acted in conformity therewith." Id. See, e.g., State v. Mann
(1985), 19 Ohio St.3d 34, paragraph one of the syllabus ("[E]vidence that a defendant has committed other crimes, wrongs or acts independent of the offense for which he is on trial is not generally admissible to demonstrate that the defendant has a propensity for crime or that his character is in conformity with the other acts"). Here, the "other acts" evidence was admitted not to prove the defendant's character, but to establish a modus operandi and to explain to the jury how the investigation into the Union County break-ins led to the defendant. Cf.State v. Lowe (1994), 69 Ohio St.3d 527, 530 (distinguishing between "evidence which shows that a defendant is the type of person who might commit a particular crime and evidence which shows that a defendant is
the person who committed a particular crime"). Moreover, other acts may be admissible to establish the identity of a defendant if the State establishes "that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." Id. at 531, quoting State v. Smith (1990),49 Ohio St.3d 137, 141. In this case, the State established the circumstances of all three crimes were similar — all three burglaries occurred in the daytime, all the break-ins occurred by a door being kicked in, and all featured matching vehicle descriptions. Moreover, the footprints obtained at all three crime scenes were similar to the shoes defendant was wearing at the time of his arrest. Based on the foregoing, we cannot say that the trial court's decision to allow Detective Rice's testimony constituted an abuse of discretion, and accordingly overrule defendant's first assignment of error.
The trial court erred in overruling defendant's motion for acquittal onthe charge[s] of vandalism and theft as to the values of the itemsdamaged and taken.
Defendant next argues that the State presented insufficient evidence of the value of the items taken from the Robinson residence and the damage to that residence to sustain convictions on the vandalism and theft charges. Defendant therefore contends that the trial court improperly overruled his motion for acquittal pursuant to Crim.R. 29(A). In Statev. Bridgeman (1978), 55 Ohio St.2d 261, the Ohio Supreme Court held:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
 Id. at syllabus. See also State v. Williams (1996), 74 Ohio St.3d 569,576, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When ruling on a motion pursuant to Crim.R. 29(A), courts are required to construe the evidence in favor of the State, see, e.g.,State v. Fyffe (1990), 67 Ohio App.3d 608, 613, and the motion will not be granted unless the evidence is insufficient to sustain a conviction. See, e.g., State v. Apanovitch (1987), 33 Ohio St.3d 19, 23.
To sustain a fifth-degree felony conviction for vandalism, the State was required to offer evidence that the damage to the Robinsons' residence resulted in a loss of at least five hundred dollars. See R.C.2909.05(F)(2). Similarly, to sustain its burden on the felony theft charge, the State was required to offer evidence that the value of the items stolen from the Robinsons' residence was at least five hundred dollars but less than five thousand dollars. See R.C. 2913.02(B)(2). The defendant argues that because the only testimony as to the value of the damage and stolen items came from Lisa Robinson, it "was not of sufficient weight to convince a mind beyond a reasonable doubt." However, when viewed in the light most favorable to the State, Ms. Robinson's testimony that the damage to her home exceeded five hundred dollars and the value of the items stolen exceeded six hundred dollars provides a firm basis for the trial court's decision to overrule the defendant's Crim.R. 29(A) motion. See State v. Lockhart (1996),115 Ohio App.3d 370, 374 (citing Jenks and holding that victim's testimony was sufficient to prove value of stolen property for purposes of theft charge). Accordingly, the defendant's second assignment of error is overruled.
The trial court erred in imposing consecutive sentences on burglary,theft, vandalism and safecracking as they are allied offenses of similarinput [sic].
In his third and final assignment of error, defendant contends that the trial court erred in convicting him of allied offenses of similar import. See R.C. 2941.25(A). Specifically, defendant cites Newark v.Vazirani (1990), 48 Ohio St.3d 81, and argues that theft is an allied offense of safecracking. He also contends that because the burglary charges for which he was indicted require trespass into an occupied structure "with purpose to commit in the structure * * * any criminal offense," see R.C. 2911.12(A)(3), that theft, vandalism and safecracking are all allied offenses of burglary. In State v. Rance (1999),85 Ohio St.3d 632, the Supreme Court held that when analyzing whether two crimes constitute allied offenses, "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.' And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-39. See also id. at paragraph one of the syllabus (overruling Vazirani).
A comparison of the statutory elements of the crimes of safecracking and theft reveals that each offense requires proof of an element absent from the other. Theft, for example, requires that a defendant act "with purpose to deprive the owner of property or services," an element wholly absent from safecracking. Compare R.C. 2913.02(A) with R.C. 2911.31(A). As a result, we must conclude the elements do not correspond to the degree necessary to constitute allied offenses. Other District Courts of Appeals have reached the same conclusion. See State v. Metcalf (March 25, 1998), Highland App. No. 97 CA 937, unreported, 1998 WL 131517 at *3-4, cited with approval in Rance, 85 Ohio St.3d at 638; State v.Humphrey (Sept. 19, 1989), Franklin App. No. 87AP-11637, unreported, 1989 WL 107571 at **8-10. Similarly, merely because burglary requires a purpose to commit a criminal offense does not mean that every criminal offense is an allied offense of burglary. As the State correctly observes, "a person may trespass, by force, stealth, or deception in an occupied structure, with purpose to commit a theft or other criminal offense without actually committing the offense. It is the purpose, not the actual commission of the offense that makes it a burglary." Brief of Appellee, at *9 (emphasis added). We believe this reasoning fully comports with the Supreme Court's analysis in Rance. See Rance,85 Ohio St.3d at 639 (applying allied offenses test). We therefore overrule defendant's third assignment of error, and affirm the judgment of the Union County Common Pleas Court.
 ______________________ SHAW, J.
 WALTERS, P.J. and BRYANT, J., concur.